Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jahan Alom, *on behalf of himself and others similarly situated* )<br><br>*Plaintiff,* )<br><br>-v- )<br><br>OHM Group LLC, RLH Corp., AMR Development LLC, and Rajendra Patel, *jointly and severally,* )<br><br>*Defendants.* )<br>_____ ) | **FLSA COLLECTIVE ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.      Plaintiff Jahan Alom, on behalf of himself and others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* in order to remedy Defendants' wrongful withholding of Plaintiff' lawfully earned wages and overtime compensation. Plaintiff also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq*, as well as the supporting New York State Department of Labor Regulations for violations of minimum and overtime wages, and notice and record-keeping requirements. Finally, Plaintiff Jahan Alom brings a claim of retaliation under the FLSA and NYLL.

## SUMMARY

2.    Plaintiff was employed by Defendants, OHM Group LLC d/b/a Americas Best Value Inn ("OHM" or "Franchisee Defendant"), RLH Corp. d/b/a Americas Best Value Inn ("RLH" or "Franchisor Defendant"), AMR Development LLC d/b/a Hotel Omega ("AMR"), and Rajendra Patel ("Patel" and collectively hereinafter "Defendants").

3.    Upon information and belief, Defendant RLH grants franchises to operate Americas Best Value Inn motels nationwide including in the State of New York. Defendant OHM is a franchisee of RLH and operates Americas Best Value Inn located at 1705 Linden Blvd., Brooklyn, NY 11212. AMR is a corporation doing business as Hotel Omega located at 27 Pennsylvania Ave., Brooklyn, NY 11207. Defendants OHM and AMR are, in turn, owned and managed by Individual Defendant Rajendra Patel. RLH, OHM, AMR and Patel were joint employers of Plaintiff and/or operated as a single integrated enterprise.

4.    Plaintiff was employed as a housekeeper for the Defendants and performed his job duties both at the physical premises of Americas Best Value Inn and Hotel Omega, according to the instructions and schedules provided by Defendant Patel.

5.    Throughout his employment, Plaintiff was consistently paid below minimum wage. In addition, Defendants OHM, AMR and Patel did not compensate Plaintiff at the rate of one and one half times the statutory minimum wage for all hours he worked above 40 hours per week.

6.    In addition, Plaintiff was not provided with wage statements and wage notices during his employment period with Defendants.

7.    When Plaintiff complained about Defendants' unlawful payment practices, Plaintiff was unlawfully terminated by Defendant Patel in retaliation for making such

complaints.

8.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

9.    As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

10.    Defendants' conduct extended beyond Plaintiff to all other similarly situated employees. Plaintiff seeks certification of his FLSA claims as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Omega Hotel and Americas Best Value Inn locations that he worked pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

11.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff' state law claims under 28 U.S.C. §1367(a).

### Personal Jurisdiction

12.    This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

13.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

**Jahan Alom**

14.     Plaintiff Jahan Alom ("Alom") is an adult individual residing in the state of New York, County of Queens.

15.     Alom is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

16.     Alom was employed jointly by Defendants RLH, OHM, AMR and Patel to work at Americas Best Value Inn, located at 1705 Linden Blvd., Brooklyn, NY 11212.

17.     Alom was also employed jointly by Defendants OHM, AMR and Patel to work at Hotel Omega located at 27 Pennsylvania Ave., Brooklyn, NY 11207.

18.     Alom was employed as a housekeeper at both locations. His duties included cleaning, maintaining, and managing upkeep of the various rooms throughout the two motels. His duties were exactly the same while working at the two motels, and he was expected to complete his duties within the exact same timeframe.

19.     Alom simultaneously worked at the two hotels from in or around February 2017 until his termination on December 2017.

20.     Alom was hired by Defendant Patel, who supervised him, trained him, and determined his schedule and pay throughout his employment.

4

21.    Alom was typically scheduled to work for at total of six days per week, nine to ten hours each day for both hotels. He would spent part of his time working at Americas Best Value Inn and part of his time at Omega Hotel, on different days each week, as instructed by Defendant Patel. His exact schedule was variable and determinable in accordance with the two hotels' needs. Accordingly, Plaintiff worked anywhere from 50 to 57 hours per week in accordance with Defendant Patel's instructions. *See* **Exhibit A** for a sample of Plaintiff's work schedules. (Alom is sometimes misspelled as "Alam". "Linden" refers to Americas Best Value Inn located at Linden Bldv. in Brooklyn).

22.    From the beginning of his employment until November 19, 2017, Plaintiff was paid at a rate of $9.50 per hour for all hours worked in both hotels. Plaintiff received his money weekly in cash from Defendant Patel.

23.    From November 20, 2017, until December 17, 2017, after Plaintiff insisted that he be paid on the books, Plaintiff was paid at a rate of $10.50 per hour for all hours worked in both hotels up to 40 hours per week. Plaintiff was issued with paystubs from OHM Group LLC bi-weekly with such payments. *See* **Exhibit B**, Plaintiff's paystubs in the weeks of November 20, 2017 to December 17, 2017.

24.    Plaintiff continued to be paid in cash at a rate of $9.50 per hour for all overtime hours he worked at both hotels.

25.    Plaintiff was never issued a separate paystub from Defendant AMR Development LLC.

26.    Plaintiff was paid below minimum wage throughout the vast majority of his employment with Defendants.

27.    Defendants OHM, AMR and Patel have failed to pay Alom overtime

compensation of one and one-half times his regular rate of pay for any hours Alom worked for more than 40 hours per week.

28.    Alom was not provided with any meal breaks during his shifts as required by the law.

29.    Alom was not provided with a notice containing, *inter alia*, the rate and basis of his pay; the designated pay date; and the employer's name, address, and telephone number at the time of hiring or any point thereafter.

30.    Alom was never provided with accurate wage statements or other records detailing, *inter alia*, Plaintiff's regular hourly rate of pay; the overtime rate of pay; the number of regular hours worked; and the number of overtime hours worked at any point during the time of his employment with Defendants.

31.    Upon information and belief, while Defendants employed Alom, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Alom of such rights.

32.    Throughout the duration of his employment, Alom did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

33.    Throughout his employment, Alom regularly handled goods in interstate commerce, such as cleaning products that were manufactured outside the state of New York and imported in New York.

34.    Alom consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

35.    During December 2017, Alom repeatedly raised concerns to Defendant Patel

about his wages, and the fact that he was not being compensated at an overtime rate for his overtime hours worked. In retaliation for making such complaints, Defendant Patel terminated Plaintiff's employment.

36.    Since December 17, 2017, Plaintiff ceased working at both hotels.

37.    Alom has personal knowledge of other employees who worked simultaneously at both hotels as instructed by Defendant Patel, and were not paid minimum and overtime wages. *See* **Exhibit A**.

**Defendants**

38.    Defendants collectively own, operate, and/or control Americas Best Value Inn located at 1705 Linden Blvd, Brooklyn, NY 11212.

39.    Defendants RLH, OHM, AMR and Patel jointly employed Plaintiff to work at Americas Best Value Inn, within the meaning of the FLSA and the NYLL and the interpreting case law including *Zheng v. Liberty Apparel Co. Inc*. 355 F.3d 61 (2d Cir. 2003). Defendants acted in the interest of each other, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2 and NYLL § 2. Factors indicating joint employment include:

a.    Defendants all suffered or permitted Plaintiff to work.

b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.    Defendants each have an economic interest in the location in which Plaintiff and similarly situated employees worked.

d.    Defendants all simultaneously benefitted from Plaintiff's work.

e.    Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.    Plaintiff and similarly situated employees performed work integral to each Corporate Defendant's operation.

40.    Defendants maintained the policy and practice of requiring the Plaintiff to perform work for which he was paid below minimum wage.

41.    Defendants possess or possessed substantial control over Plaintiff's and other similarly situated employees' working conditions at Americas Best Value Inn, and over the policies, practices, and standards with respect to the employment and compensation of Plaintiff, and all similarly situated employees.

42.    Additionally, Defendants OHM, AMR and Patel jointly employed Plaintiff to work at Hotel Omega, within the meaning of the FLSA and the NYLL.

43.    In the alternative, Defendants OHM, AMR, and Patel functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

44.    Defendants OHM, AMR and Patel possessed control over Plaintiff's and other similarly situated employees' working conditions at Hotel Omega, and over the policies, practices, and standards with respect to the employment and compensation of Plaintiff, and all similarly situated employees.

45.    Defendants OHM, AMR, and Patel collectively instructed the Plaintiff, and other similarly situated employees, to work simultaneously at Americas Best Value Inn and Hotel Omega in accordance with each hotel's needs, without retraining.  Accordingly, all non-exempt employees working at Americas Best Value Inn at a particular instance were simultaneously considered and accounted for as employees of Omega Hotel, and vice versa.

46.    OHM, AMR and Patel operated under an agreement whereby they would treat all their employees, including Plaintiff, as a pool of workers available to all of them.

47.    While benefitting from Plaintiff's work, OHM, AMR and Patel failed to compensate Plaintiff, and other similarly situated employees, at an overtime rate for all overtime hours that he worked.

48.    While working at Americas Best Value Inn and Hotel Omega, Plaintiff and other employees used the same tools, selected and purchased by Defendant Patel.

49.    Defendant Patel, in turn, held out himself to be an agent of all Corporate Defendants.


**OHM Group LLC**

50.    OHM Group LLC ("OHM") is a domestic limited liability company formed on May 25, 2005, organized and existing under the laws of the state of New York.

51.    At all relevant times, OHM is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

52.    At all times applicable, Plaintiff was directly retained by OHM and received paychecks from OHM for work he physically performed both at Americas Best Value Inn and Hotel Omega.

53.    At all applicable times, OHM operated Americas Best Value Inn located at 1705 Linden Blvd., Brooklyn, NY 11212 pursuant to franchise agreements with RLH.

54.    At all relevant times, OHM individually, and in conjunction with the other Defendants, has maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

55.    At all relevant times, OHM was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling

cleaning products and other materials that were manufactured outside of the state of New York. In addition, OHM conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

56.    Upon information and belief, at all relevant times, OHM's annual gross volume of sales made, or business done, was not less than $500,000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**RLH Corp.**

57.    RLH Corp. ("RLH") is a corporation that is engaged in the ownership, development, management and operation of hotels nationwide. Americas Best Value Inn is amongst the "family of brands" that RLH manages. RLH's primary advertizing point for the Americas Best Value Inns brand is that hotel guests receive the "best bang for [their] buck". *See* **Exhibit C**, screenshot of RLH's website, accessed at https://www.redlion.com/rlh-corporation.

58.    RLH Corp. is a domestic corporation formed on March 7, 2007, organized and existing under the laws of the state of New York.

59.    At all relevant times, RLH is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

60.    RLH publicly represents that employees employed at any of its franchisee establishments are employees of RLH and guarantees the service and behavior of such employees. *See* **Exhibit C**, RLH's website which states "[o]ur staff is warm" and "[Americas Best Value Inn] provides an honest stay and reliable service".

61.     RLH also maintains a centralized webpage whereby individuals can apply for different employment positions in any of its franchisees. *See* https://www.redlion.com/careers. Amongst the employment positions advertized are housekeeping, termed as "room attendants." RLH guarantees employee benefits for employees, including "room attendants", employed at franchisee locations. *See* **Exhibit C**.

62.     RLH sets the requirements and job duties of "room attendants" in all its franchisees. For example the job description and qualifications for a room attendant in a franchisee hotel in Idaho are exactly the same as those for a franchisee hotel in Oregon. *See* **Exhibit C**.

63.     OHM runs Americas Best Value Inn dependent on its franchise agreement with RLH.

64.     At all relevant times, RLH has maintained formal and/or functional control, oversight, and direction over the Plaintiff and similarly situated employees. Specifically, Plaintiff performed his work duties at a franchise hotel controlled by RLH. Upon information and belief, RLH directly and/or indirectly set Plaintiff's pay rate through its terms of agreement with OHM.

65.     OHM failed to ensure that Plaintiff was paid in accordance with the law, since its priority was to ensure that  RLH's hotel guests received the lowest rates in the hotel industry. *See* **Exhibit C**.

66.     Upon information and belief, RLH has maintained control over many aspects of OHM's operations and had the right to inspect the facilities and operations of OHM at Americas Best Value Inn to ensure that proper standards are maintained.

67.     Upon information and belief, RLH sets requirements for OHM for the compensation of employees working at Americas Best Value Inn, and had the power to enforce such requirements but failed to do so.

68.     Upon information and belief, RLH had the right to audit OHM's records, including but not limited to, timekeeping and payroll records pertaining to Plaintiff and other employees of the Defendants, and exercise control over the accuracy of the hours and wages paid to them.

69.     Upon information and belief, RLH knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of the Plaintiff and similarly situated employees through the monitoring of franchisees.

70.     RLH had the power to induce compliance with applicable wage and hour laws by threatening to terminate its franchise agreement with OHM.

71.     At all relevant times, the duties performed by Plaintiff for RLH were integral to RLH's operations and the conduct of their business. Specifically, as a hotel, RLH provided lodging facilities to hotel guests and Plaintiff' duties were essential to the upkeep of these facilities. Plaintiff and other housekeepers were also required to act as employees of RLH when dealing with hotel guests.

72.     Upon information and belief, RLH knew or should have known of the unlawful policies of paying Plaintiff below minimum wage and had the power to stop the work and/or the violations, but did not do so.

73.     At all relevant times, RLH Corp. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because of its ownership of numerous hotels in various states throughout the U.S.

74.    Upon information and belief, at all relevant times, RLH Corp.'s annual gross volume of sales made, or business done, was not less than $500,000 exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**AMR Development LLC**

75.    AMR Development LLC ("AMR") is a domestic limited liability company formed on June 4, 2012, organized and existing under the laws of the state of New York.

76.    At all relevant times, AMR is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

77.    At all applicable times, AMR owned and operated Hotel Omega located at 27 Pennsylvania Ave., Brooklyn, NY 11207.

78.    Throughout his employment, Plaintiff performed housekeeping services for Hotel Omega.

79.    At all relevant times, AMR individually and in conjunction with Defendants OHM and Patel has maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

80.    At all relevant times, AMR was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products and other materials that were manufactured outside of the state of New York. In addition, AMR conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

81.    Upon information and belief, at all relevant times, AMR's annual gross volume

of sales made, or business done, was not less than $500,000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Rajendra Patel**

82.    Upon information and belief, at all relevant times, Rajendra Patel ("Patel") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, shareholder and/or agent of both OHM Group LLC and AMR Development LLC, and publicly held himself out to be as such. *See* **Exhibit D**.

83.    At all relevant times throughout Plaintiff's employment, Patel had the discretionary power to create and enforce personnel decision on behalf of OHM and AMR, including but not limited to: hiring, terminating, disciplining and training employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; instructing and supervising Plaintiff; and/or otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

84.    Defendant Patel hired Plaintiff, and other housekeepers and instructed them to work simultaneously at both Americas Best Value Inn and Hotel Omega.

85.    Defendant Patel set and was in control of Plaintiff's schedule and rate and method of pay, which was identical, regardless of whether he worked for Americas Best Value Inn or Hotel Omega.

86.    Patel terminated Plaintiff's employment at both hotels, following Plaintiff's complaints regarding his compensation.

87.    Upon information and belief, Patel executed the franchise agreement between OHM and RLH and set Plaintiff's and other employees' duties in accordance with such agreement. Plaintiff's and other employees' duties would remain identical irrespective of

whether they worked at Americas Best Value Inn or Hotel Omega.

88.     At all relevant times throughout Plaintiff's employment, Patel was involved in the day-to-day operations of OHM and AMR.

89.     At all relevant times throughout Plaintiff's employment, Patel was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d) and NYLL § 2.

**COLLECTIVE ACTION ALLEGATIONS**

90.     Pursuant to 29 U.S.C. §§ 203, 206, 207 and 216(b), Plaintiff brings his First and Second claims as a collective action under the FLSA on behalf of himself and the following collective:

> All persons who worked at Americas Best Value Inn (located at 1705
>
> Linden Blvd, Brooklyn, NY) and/or Omega Hotel at any time since
>
> March 12, 2015, and through the entry of judgment in this case
>
> (the "Collective Action Period") who work/worked as housekeepers
>
> (the "Collective Action Members").

91.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay employees at minimum wage for all hours worked, and failing to pay employees at an overtime rate for all hours worked above 40 hours per week.

92.     Plaintiff and the Collective Action Members have similar job duties and are paid pursuant to a similar, if not the same, payment structure.

93.     The claims of Plaintiff stated herein are similar to those of the other employees.

15

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Minimum Wages**
**(against all Defendants)**

94.     Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

95.     At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

96.     At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

97.     Defendants were required to pay directly to Plaintiff, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

98.     Defendants failed to pay Plaintiff, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

99.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

100.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

101.    Defendants failed to post or keep posted conspicuous notices of Plaintiff' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

102.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

103.    As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages
### (against Defendants OHM Group LLC, AMR Development LLC, and Rajendra Patel *only*)

104.    Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

105.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

106.    Defendants OHM Group LLC, AMR Development LLC, and Rajendra Patel have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

107.   Defendant Patel intentionally and willfully utilized Plaintiff, and the Collective Action Members, as a pool of employees and directed them to work simultaneously both at Hotel Omega and Americas Best Value Inn. Defendant Patel refused to pay Plaintiff, and the Collective Action Members, at an overtime rate for their overtime hours of work, under the pretext that they were employed by different corporations.

108.   As a result of the Defendants OHM's, AMR's and Patel's violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### Fair Labor Standards Act – Prohibited Retaliation
### (against Defendants OHM Group LLC, AMR Development LLC, and Rajendra Patel *only*)

109.   Plaintiff Jahan Alom, realleges and incorporates by reference all allegations in all preceding paragraphs.

110.   The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiff Alom.

111.   In December 2017, Plaintiff engaged in protected activity when he complained to Defendant Patel about his wages, and the fact that he was not being compensated at an overtime rate for his overtime hours worked.

112.   Patel retaliated against Plaintiff by terminating his employment at both Hotel Omega and Americas Best Value Inn in violation of 29 U.S.C.A. § 215(a)(3).

113.   Due to Defendants OHM's, AMR's and Patel's unlawful discrimination against the Plaintiff, he has suffered great hardship and is entitled to recovery of back wages, front

wages, liquidated damages, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Minimum Wages
### (against all Defendants)

114.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.    At all relevant times referenced herein, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 2, 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

116.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

117.    Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

118.    Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff for his hours, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 146-1.2.

119.    Defendants also failed to post conspicuous notices of the Plaintiff' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

120.    Defendants' failure to pay Plaintiff the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

121.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages
### (against Defendants OHM Group LLC, AMR Development LLC, and Rajendra Patel *only*)

122.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

123.    The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

124.    Defendants OHM, AMR and Patel have failed to pay Plaintiff proper overtime which he was entitled to at a wage rate of one and one-half times his regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

125.    Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants OHM, AMR and Patel have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

126.    Defendant Patel intentionally and willfully directed Plaintiff to work simultaneously both at Hotel Omega and Americas Best Value Inn. Defendant Patel refused to pay Plaintiff at an overtime rate for his overtime hours of work, under the pretext that he was employed by different corporations.

127.    Defendants OHM's, AMR's and Patel's failure to pay Plaintiff overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

128.    Due to Defendants OHM's, AMR's and Patel's violations of the NYLL, Plaintiff are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Prohibited Retaliation
### (against Defendants OHM Group LLC, AMR Development LLC, and Rajendra Patel *only*)

129.    Plaintiff, Jahan Alom, realleges and incorporates by reference all allegations in all preceding paragraphs.

130.    The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect Plaintiff Alom.

131.    In December 2017, Plaintiff engaged in protected activity when he complained to Defendant Patel about his wages, and the fact that he was not being compensated at an overtime rate for his overtime hours worked.

132.    Patel retaliated against Plaintiff by terminating his employment at both Hotel Omega and Americas Best Value Inn in violation of 29 NYLL § 215(1).

133.    Due to Defendant's unlawful discrimination against the Plaintiff, he has suffered great hardship and is entitled to recovery of back wages, front wages, liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring
### (against all Defendants)

134.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

135.    Defendants have failed to provide Plaintiff, at the time of hiring, or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

136.    Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## EIGHTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements
### (against all Defendants)

137.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

138.    Defendants have failed to provide Plaintiff with accurate wage statements throughout his employment listing his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

139.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seek the following relief:

A.      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.      Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations;

C.      Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.      Unpaid minimum wages, and overtime wages under the NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

E.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation  of the FLSA pursuant to 29 U.S.C.A. § 216(b);

F.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

H.      An award of back wages, front wages, liquidated damages, damages for emotional distress, and punitive damages for the Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. § 215(3);

I.      An award of front pay, lost compensation, damages for emotional distress, punitive damages, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

J.      A civil penalty of a maximum of Ten Thousand Dollars ($10,000) for Defendants' prohibited retaliation against Plaintiff Jahan Alom pursuant to 29 NYLL § 215(1)(b);

K.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

L.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

P.      Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       March 12, 2018

                           Respectfully submitted,

                           **PARDALIS & NOHAVICKA, LLP**

By:      /s/Ariadne Panagopoulou
                           Ariadne Panagopoulou (AP-2202)
                           *Attorneys for the Plaintiff*
                           35-10 Broadway, Suite 201
                           Astoria, New York 11106
                           Tel: 718.777.0400 | Fax: 718.777.0599
                           Email:  ari@pnlawyers.com

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against **Hotel Omega and America Best Value Inn** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated:  01/25/2018

Astoria, New York

_____

Signature

Jahan Alom_____

Print Name

105-24 75th St

Ozone Park, NY 11417_____

Address

631-290-0376

_____

Telephone

# EXHIBIT A

|  | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| IVAN | OFF | 9AM-7PM | OFF | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM |
| SHARIF | 10AM-8PM | OFF | 10AM-8PM | 10AM-8PM | OFF | 10AM-8PM | 10AM-8PM |
| SAMAD | 9AM-7PM | 10AM-8PM | LINDEN 8PM-6AM | OFF | OFF | LINDEN 10AM-8PM | LINDEN 9AM-7PM |
| ALAM | OFF | LINDEN 10AM-8PM | 9AM-7PM | LINDEN 10AM-8PM | 10AM-8PM | LINDEN 11AM-9PM | OFF |

From - Monday - august - 14th

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| IVAN | OFF | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM |
| SHARIF | 10AM-8PM | 10AM-8PM | 10AM-8PM | 10AM-8PM | OFF | 10AM-8PM | 10AM-8PM |
| ALAM | 10AM-7PM | 10AM-7PM | LINDEN 8PM-6AM | OFF | 10AM-8PM | LINDEN 11AM-8PM | LINDEN 10AM-7PM |

| DAYS STAFF | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| MARCIANO | 11AM-8PM | 8AM-6PM | 10AM-8PM | 11AM-8PM | 11AM-9PM | 11AM-9PM | OFF |
| CANDIDO | 10AM-8PM | 10AM-8PM | OFF | 8AM-6PM | 9AM-6PM | 9AM-6PM | 10AM-7PM |
| ANIS | OFF | OFF | 8AM-7PM | 10AM-8PM | 10AM-8PM | 8AM-7PM | 9AM-7PM |
| SAHIM | 8AM-6PM | 11AM-8PM | 11AM-8PM | 8PM-6AM | OFF | 11AM-10PM | 11AM-9PM |
| SHORIF | COMFORT | COMFORT | 9AM-7PM | OFF | COMFORT | COMFORT | COMFORT |
| VICTOR | 9AM-7PM | 9AM-7PM | COMFORT | 9AM-7PM | 8AM-6PM | OFF | 8AM-6PM |
| ALAM | OMEGA | OMEGA | 8PM-6AM | OFF | OMEGA | 11AM-9PM | 11AM-9PM |
| PEDRO | 8PM-5AM | 8AM-5AM | OFF | 8PM-6AM | 8PM-6AM | 8PM-6AM | 8PM-5AM |
| JALAL | 8PM-5AM | 8PM-5AM | 8PM-6AM | OFF | 8PM-6AM | 8PM-6AM | 8PM-5AM |
| SAMAD | 12PM-9PM | OFF | 12PM-9PM | 12PM-9PM | 12PM-10PM | 12PM-10PM | 11AM-8PM |

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| MARCIANO | 11AM-8PM | 8AM-6PM | 10AM-8PM | 11AM-8PM | 11AM-9PM | 11AM-8PM | OFF |
| CANIDO | 10AM-8PM | 10AM-8PM | OFF | 9AM-7PM | 9AM-6PM | 9AM-6PM | 10AM-7PM |
| ANIS | OFF | OFF | 8AM-7PM | 10AM-8PM | 10AM-8PM | 8AM-7PM | 9AM-8PM |
| SAHIM | 8AM-6PM | 11AM-8PM | 11AM-8PM | 8PM-6AM | OFF | 10AM-8PM | 10AM-7PM |
| ALAM | OMEGA | OMEGA | 8PM-6AM | OFF | OMEGA | 11AM-8PM | OMEGA |
| SHARIF | 9AM-6PM | COMFORT 9AM-8PM | COMFORT 9AM-6PM | OFF | COMFORT 9AM-7PM | COMFORT 9AM-7PM | COMFORT 9AM-6PM |
| PEDRO | 8PM-5AM | 8PM-5AM | OFF | 8PM-5AM | 8PM-6AM | 8PM-6AM | 8PM-6AM |
| JALAL | 8PM-5AM | 8PM-5AM | 8PM-6AM | OFF | 8PM-6AM | 8PM-6AM | 8PM-5AM |
| VICTOR | COMFORT 9AM-7PM | 9AM-7PM | 9AM-7PM | COMFORT 9AM-7PM | 8AM-6PM | OFF | 8AM-6PM |
| SAMAD | 12PM-9PM | OFF | 12PM-9PM | 12PM-9PM | 12PM-10PM | 12PM-10PM | 11PM-8PM |
| GERMAN | OMEGA 10AM-7PM | 10PM-8PM | OFF | 9AM-7PM | OMEGA 10AM-7PM | 10AM-7PM | 11AM-8PM |

| | MONDAY | TUESDAY | WENDESDAY | THRUSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| AHMED | OFF | OFF | OFF | 8AM-8PM | 8AM-8PM | 8AM-8PM | OFF |
| Ḿ HOQUE | 8AM-8PM | 8AM-8PM | 8AM-8PM | OFF | OFF | OFF | 8AM-8PM |
| SAKIB | LINDEN 9AM-7PM | OFF | OFF | LINDEN 9AM-7PM | 8PM-8AM | 8PM-8AM | OFF |
| KAPIL | 8PM-AM | 8PM-8AM | 8PM-8AM | 8PM-8AM | OFF | OFF | 8PM-8AM |
| | | | | | | | |

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| IVAN | OFF | 9AM-6PM | 9AM-6PM | 9AM-6PM | 9AM-6PM | 9AM-6PM | 9AM-6PM |
| SHARIF | 9AM-7PM | OFF | 9AM-7PM | 9AM-7PM | OFF | 9AM-7PM | 9AM-7PM |
| ALAM | 10AM-7PM | 10AM-7PM | LINDEN 8PM-5AM | OFF | 10AM-7PM | LINDEN 9AM-7PM | LINDEN 11AM-8PM |
| GERMAN | 10AM-7PM | LINDEN | OFF | LINDEN | LINDEN | LINDEN | LINDEN |

| | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| MARCIANO | 11AM-8PM | 8AM-5PM | 10AM-7PM | 10AM-7PM | 11AM-8PM | 11AM-8PM | OFF |
| CANIDO | 10AM-7PM | 10AM-7PM | OFF | 9AM-6PM | 10AM-7PM | 10AM-7PM | 10AM-7PM |
| JONATHON | 10AM-8PM | 10AM-8PM | 8AM-6PM | 8AM-6PM | 8AM-6PM | OFF | OFF |
| SAHIM | 8AM-5PM | 11AM-8PM | 11AM-8PM | 8PM-6AM | OFF | 11AM-8PM | 10AM-7PM |
| ALAM | OMEGA | OMEGA | 8PM-5AM | OFF | OMEGA | 9AM-7PM | 11AM-8PM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SHARIF | 9AM-6PM | COMFORT 9AM-8PM | COMFORT 9AM-6PM | OFF | COMFORT 9AM-7PM | COMFORT 9AM-7PM | COMFORT 9AM-6PM |
| PEDRO | 8PM-5AM | 8PM-5AM | OFF | 8PM-5AM | 8PM-6AM | 8PM-6AM | 8PM-6AM |
| JALAL | 8PM-5AM | 8PM-5AM | 8PM-6AM | OFF | 8PM-6AM | 8PM-6AM | 8PM-5AM |
| VICTOR | COMFORT 9AM-6PM | 9AM-7PM | 9AM-7PM | COMFORT 9AM-6PM | 9AM-7PM | OFF | 8AM-6PM |

**HOUSE KEEPING:**

|  | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUNDAY |
|---|---|---|---|---|---|---|---|
| IVAN | OFF | OFF | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM |
| SHARIF | 9AM-7PM | 9AM-7PM | 9AM-7PM | 9AM-7PM | OFF | OFF | 9AM-7PM |
| ALAM | 10AM-7PM | 9AM-7PM | LINDEN 8PM-5AM | OFF | 9AM-7PM | 9AM-7PM | LINDEN 11AM-8PM |
| GERMAN | 10AM-7PM | LINDEN | OFF | LINDEN | LINDEN | LINDEN | LINDEN |

# **<u>EXHIBIT B</u>**

**Earnings and Hours**

| | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 80:00 | 10.50 | 840.00 | 1,470.00 |

SSN ***-**-3605
Status (Fed/State) Single/Single
Pay Period: 12/04/2017 - 12/17/2017
Allowances/Extra Fed-0/0/NY-0/0
Pay Date: 12/18/2017

**Taxes**

| | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | | |
| NY - City Resident | 0.00 | |
| NY - Paid Family Leave | -19.01 | -30.30 |
| Federal Withholding | -1.06 | -1.85 |
| Social Security Employee | -95.00 | -158.00 |
| Medicare Employee | -52.08 | -91.14 |
| NY - Withholding | -12.18 | -21.32 |
| NY - Disability Employee | -24.28 | -38.19 |
| | -1.20 | -2.40 |
| | -204.81 | -343.20 |

**Net Pay** 635.19 1,126.80

**Paid Time Off**

Sick

| Earned | YTD Used | Available |
|---|---|---|
| 2:40 | | 4:40 |

AMERICAS BEST VALUE INN, 1705 LINDEN BLVD, OHM GROUP LLC

---

**OHM GROUP LLC**

Powered by **Intuit Payroll**

Employee
JAHAN ALOM, 105-24, 75 TH ST  APT#1, OZONE PARK, NY 11417

5015

**Earnings and Hours**

| | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 80:00 | 10.50 | 840.00 | 1,470.00 |

SSN ***-**-3605
Status (Fed/State) Single/Single
Pay Period: 12/04/2017 - 12/17/2017
Allowances/Extra Fed-0/0/NY-0/0
Pay Date: 12/18/2017

**Taxes**

| | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | | |
| NY - City Resident | 0.00 | |
| NY - Paid Family Leave | -19.01 | -30.30 |
| Federal Withholding | -1.06 | -1.85 |
| Social Security Employee | -95.00 | -158.00 |
| Medicare Employee | -52.08 | -91.14 |
| NY - Withholding | -12.18 | -21.32 |
| NY - Disability Employee | -24.28 | -38.19 |
| | -1.20 | -2.40 |
| | -204.81 | -343.20 |

**Net Pay** 635.19 1,126.80

**Paid Time Off**

Sick

| Earned | YTD Used | Available |
|---|---|---|
| 2:40 | | 4:40 |

AMERICAS BEST VALUE INN, 1705 LINDEN BLVD, OHM GROUP LLC

P100   M/P CHECK
Rev 1/17

104391

Powered by **Intuit Payroll**

10439 (10/17) J180703



**5006**

**OHM GROUP LLC**

| | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| | | | | | ***-**-3605 | Single/Single | Fed-0/0/NY-0/0 |
| | | | | | Pay Period: 11/20/2017 - 12/03/2017 | | Pay Date: 12/04/2017 |

Employee
JAHAN ALOM, 105-24, 75 TH ST  APT#1, OZONE PARK, NY 11417

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 60:00 | 10.50 | 630.00 | 630.00 |

| Taxes | | Current | YTD Amount |
|---|---|---|---|
| | | 0.00 | |
| Medicare Employee Addl Tax | | -11.29 | -11.29 |
| NY - City Resident | | -0.79 | -0.79 |
| NY - Paid Family Leave | | -63.00 | -63.00 |
| Federal Withholding | | -39.06 | -39.06 |
| Social Security Employee | | -9.14 | -9.14 |
| Medicare Employee | | -13.91 | -13.91 |
| NY - Withholding | | -1.20 | -1.20 |
| NY - Disability Employee | | -138.39 | -138.39 |

| Net Pay | 491.61 | 491.61 |
|---|---|---|

| Paid Time Off | Earned | YTD Used | Available |
|---|---|---|---|
| Sick | | 2:00 | 2:00 |

AMERICAS BEST VALUE INN, 1705 LINDEN BLVD, OHM GROUP LLC

Powered by **Intuit Payroll**

LMP100    M/P CHECK
Rev 1/17

104391

10439 (10/17) J180703

---

**OHM GROUP LLC**

**5006**

| | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| | | | | | ***-**-3605 | Single/Single | Fed-0/0/NY-0/0 |
| | | | | | Pay Period: 11/20/2017 - 12/03/2017 | | Pay Date: 12/04/2017 |

Employee
JAHAN ALOM, 105-24, 75 TH ST  APT#1, OZONE PARK, NY 11417

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 60:00 | 10.50 | 630.00 | 630.00 |

| Taxes | | Current | YTD Amount |
|---|---|---|---|
| | | 0.00 | |
| Medicare Employee Addl Tax | | -11.29 | -11.29 |
| NY - City Resident | | -0.79 | -0.79 |
| NY - Paid Family Leave | | -63.00 | -63.00 |
| Federal Withholding | | -39.06 | -39.06 |
| Social Security Employee | | -9.14 | -9.14 |
| Medicare Employee | | -13.91 | -13.91 |
| NY - Withholding | | -1.20 | -1.20 |
| NY - Disability Employee | | -138.39 | -138.39 |

| Net Pay | 491.61 | 491.61 |
|---|---|---|

| Paid Time Off | Earned | YTD Used | Available |
|---|---|---|---|
| Sick | | 2:00 | 2:00 |

AMERICAS BEST VALUE INN, 1705 LINDEN BLVD, OHM GROUP LLC

Powered by **Intuit Payroll**

# EXHIBIT C

gle Maps   Google Keep   Clio - Calendar   Case search, filing   Research   corporate entity sear

# RLH CORPORATION: OUR JOURNEY
## A NEW SUMMIT IN HOSPITALITY

**We are hosts  •  We are locals  •  We are pioneers**

### WE ARE RLH CORPORATION

Hailing from the Pacific Northwest, Red Lion Hotels Corporation can trace its beginnings all the way back to 1937 with hotel developers. Many years and several transformations later we are now RLH Corporation.

Our family of brands includes Red Lion Hotels, Red Lion Inn & Suites, Hotel RL, GuestHouse, Settle Inn, 3 Palms Hotels & Resorts, America's Best Inns & Suites, Americas Best Value Inn, Canadas Best Value Inn, Country Hearth Inn & Suites, Jameson Inn, Lexington, Signature Inn, and Value Inn Worldwide. We cater to travelers from all walks of life. Our staff is warm, our rooms are spacious and our rates are affordable. We seek out and introduce local experiences to our ever-savvy guests. Where others take the freeway, we take the road less trodden.

We stay on the cutting edge of hospitality technology and guest recognition programs. We understand our guest's thirst for the new and delightful and accommodate accordingly. At RLH Corporation we continue to grow and cultivate inspiration within our family for tomorrow's guests.

So explore our family of brands. Choose what fits your style and have an amazing stay.
















re | https://www.redlion.com/americas-best-value-inns-suites

Google Keep    Clio - Calendar    Case search, filing    Research    corporate entity sear



ALWAYS THE BEST VALUE

# THE BEST BANG FOR YOUR BUCK
## EXPLORE AMERICAS BEST VALUE INN LOCATIONS

With locations across the nation, stay with pride at Americas Best Value Inn. Not only will you get the best bang for your buck. You are choosing to stay at a locally owned and operated hotel, which provides an honest stay and reliable service. A good stay doesn't require any complicated formula. We focus on a comfortable bed to sleep in, complimentary breakfast each morning and the promise of a great day ahead. It is that simple.

We wish you safe travels and fun adventures.



**REWARD YOURSELF**

**AAA SPECIAL OFFER**

**AARP SPECIAL OFFER**

**STAY CONNECTED**

Sign up to receive exclusive Hello Rewards offers from participating properties

Enter your email    **SIGN UP**

# JOIN A THRIVING CULTURE

Wherever you come from and wherever you're looking to go, you can achieve your goals here. Go tackle real challenges and meet new people every day. Take risks and learn more than you ever thought possible.

Search openings at:

**RLH CORPORATE CAREERS**

**HOTEL RL CAREERS**

**RED LION HOTEL CAREERS**

Equal Employment Opportunity (La Igualdad de Oportunidades de Empleo): The only thing we look for is a dedication to the Red Lion team. Download and read here (Español).

Employee Polygraph Protection Act (Ley para la Proteccion del Empleado Contra la Prueba del Poligrafo): We trust you, to tell the truth, no lie-detectors here. Download and read here (Español).

Family Medical Leave Act: Nothing is more important than family. You can count on us to be there for you when you need to be there for them. Download and read here.





## Employee Benefits

Red Lion Hotel could not succeed without your knowledge, passion and expertise. We are here to provide you with all the resources you require to succeed in both your professional and personal life.

## We Offer Benefits That Keep You Balanced

Red Lion Hotel works to fuel your passion and let you be your best self. We want to be comfortable and not afraid to take risks. It's the only way we grow.



⬆ 🔒 Secure | https://careers.smartrecruiters.com/RLHCorporation/red-lion-hotels

Google Maps · 📍 Google Keep · ⊘ Clio - Calendar · 📁 Case search, filing · 📁 Research · 📁 corporate entity sear



Search job openings, e.g. "manager"

## Post Falls, ID · 5 jobs

Grounds Attendant
Part-time

Night Auditor
Full-time

Night Auditor
Part-time

Room Attendant
Full-time

Banquet Server - Part Time
Part-time

## SeaTac, WA · 4 jobs

Accounting Assistant I
Full-time

Night Auditor
Part-time

Room Attendant
Part-time

Room Attendant
Part-time

## Spokane, WA · 5 jobs

Night Auditor- River Inn
Part-time

House Janitor- River inn
Full-time

Room Attendant- River Inn
Full-time

Laundry Attendant- River Inn
Full-time

Dishroom Attendant- Ripples Riverside Grill
Part-time

Google Keep  ⊘ Clio - Calendar   Case search, filing   Research   corporate entity sear

## Room Attendant

Bend, OR, USA • Full-time

**I'm interested**

### Job Description

- Unload and load housekeeping carts with supplies.
- Clean the Hotel guest rooms and bathrooms.
- Change linen and terry in guest rooms.
- Maintain the cleanliness of the hotel public areas.
- Other duties as assigned or as needed to create Signature Moments for our guests.

### Qualifications

- Ability to perform lightweight housecleaning: mopping, vacuuming, dusting & scrubbing.
- List Years of experience
- List degree / schooling requirements
- Demonstrated ability to multi-task and prioritize well to meet deadlines
- Behaves with integrity, honesty and is open with guests and fellow associates.
- Develops effective working relationship with fellow associates, managers, outside representatives and agencies.
- There are times when you may have to deal with an unhappy person; you do need to know how to deal professionally, courteously and tactfully with the public and coworkers.

### Additional Information

All your information will be kept confidential according to EEO guidelines.

**I'm interested**

## Room Attendant

Post Falls, ID 83854, USA • Full-time

**I'm interested**

### Job Description

- Unload and load housekeeping carts with supplies.
- Clean the Hotel guest rooms and bathrooms.
- Change linen and terry in guest rooms.
- Maintain the cleanliness of the hotel public areas.
- Other duties as assigned or as needed to create Signature Moments for our guests.

### Qualifications

- Ability to perform lightweight housecleaning: mopping, vacuuming, dusting & scrubbing.
- List Years of experience
- List degree / schooling requirements
- Demonstrated ability to multi-task and prioritize well to meet deadlines
- Behaves with integrity, honesty and is open with guests and fellow associates.
- Develops effective working relationship with fellow associates, managers, outside representatives and agencies.
- There are times when you may have to deal with an unhappy person; you do need to know how to deal professionally, courteously and tactfully with the public and coworkers.

### Additional Information

All your information will be kept confidential according to EEO guidelines.

**I'm interested**

# **EXHIBIT D**



**HOTEL OMEGA**

27 Pennsylvania Ave.
Brooklyn, NY 11207
**Phone: (718) 513-1153 • Fax (718) 513-1098**
**E-mail: Omegahotel127@gmail.com**

**Americas Best Value Inn**

*Rajendra Patel /*
General Manager

Phone:347.296.4400  Fax 347.296.4405

Email:abvibrooklyn@gmail.com

www.AmericasBestValueInn.com

1705 Linden Blvd
Brooklyn NY11212

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through February 7, 2018.

Selected Entity Name: AMR DEVELOPMENT LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | AMR DEVELOPMENT LLC |
| **DOS ID #:** | 4253335 |
| **Initial DOS Filing Date:** | JUNE 04, 2012 |
| **County:** | NASSAU |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
RAJENDRA R PATEL
55 DAIL STREET
NEW HYDE PARK, NEW YORK, 11040

**Registered Agent**

NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|